## No. 629.

### PETER MORGAN vs. WILLIAM G. SHELTON.

It appears that about the first of May, at night, the plaintiff, being intoxicated, used language which provoked the defendant, who, in a moment of passion, knocked him down. The next day the plaintiff left and obtained work on another plantation for the balance of the year. While not justifying defendant in the use of violence, this court can not regard it, under the circumstances, as a cause on the part of plaintiff for abandoning his contract, the difficulty having no connection with said contract.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *D. C. Morgan*, for plaintiff and appellant. *Newton & Hall*, for defendant and appellee.

HOWELL, J. This is a controversy between the plaintiff, as laborer, and

Morgan vs. Shelton.

the defendant, as proprietor, for the crop of 1873, and services of the former for a part of the year 1874, plaintiff claiming $1054 50 for the portion of crop of 1873 falling to and not received by him, certain sums received by defendant from other parties for and not paid to plaintiff, services of the latter in the crop of 1874, or said amount as damages for assaulting and forcing plaintiff to leave, and a cow and calf illegally retained by defendant; the defendant claiming in reconvention $151 17 due him on account, and five hundred dollars damages resulting from plaintiff's leaving without cause. From a verdict and judgment in favor of defendant for $52 77 the plaintiff has appealed, and the defendant asked to have the judgment amended by increasing it to $646 07.

On the fifteenth of January, 1873, the parties entered into a written contract to the effect that defendant should furnish the land, team, and tools for making a crop, and plaintiff furnish the labor, giving all diligence, attention, and care to the crop and team; one half the crop, when gathered, to "go to said Shelton, and sufficient amount at the same time deducted from the other half to pay said Shelton for supplies and all other dues from the second party; then the remainder of the second half goes to said Morgan or second party."

The crop, as alleged by plaintiff, consisted of fourteen bales of cotton, three hundred bushels of corn, and two thousand pounds of fodder, of which he received three bales of cotton, one hundred bushels of corn, and his portion of the fodder, leaving only fifty bushels of corn and the division of the cotton in dispute. The plaintiff claims that he is entitled to the half of twelve bales raised, as he says, under the written contract, and to the whole of two other bales raised under another agreement. There is a conflict of evidence on this point, and it devolved on the plaintiff to make it clear. In view of the written contract and the other evidence, we must conclude that the whole crop was to be equally divided. Taking this as the quantity of cotton to which plaintiff is entitled, and fifty bushels of corn, with the other items which, in the brief, it is contended are proven, the sum due him is $447 50, not including the claim for damages. He allows credits in favor of defendant to the amount of $475 60, which leaves a balance of $28 10 due the latter.

The alternative claim of $250 for services on the crop of 1874, or damages for being forced to abandon the crop, is not, in our opinion, sustained by the evidence. It appears that about the first of May, at night, the plaintiff, being intoxicated, used language which provoked the defendant, who, in a moment of passion, knocked him down. The next day plaintiff left, and obtained work on another plantation for the balance of the year. While we do not justify defendant in the use of violence, we can not regard it, under the circumstances, as a cause on the

part of plaintiff for abandoning his contract, the difficulty having no connection with the contract.

The difference between the amount $28 10, shown above, and the amount $52 77, allowed by the jury, is so small that we are not inclined, under conflicting evidence in the case, to make any change in the judgment.

Judgment affirmed.